## PROVIDENCE.

WILLIAM H. HALL *vs.* HUGH B. BAIN, Town Treasurer of the Town of Cranston.

Property for which a person, by the first proviso of Pub. Stat. R. I. cap. 42, § 10, is not liable to taxation, forms no part of his ratable personal estate, and cannot be included in the personal property owned by him from which his indebtedness is to be deducted in ascertaining the surplus of his ratable personal estate over and above his indebtedness, under the second proviso of said § 10.

At the time of the levy and assessment of a tax, the personal estate of H. including property within the first proviso of said § 10, exceeded his indebted-

ness, but excluding such property, was less than his indebtedness.   In assessing a personal property tax, the assessors of taxes deducted the indebtedness of H. from his personal estate inclusive of property for which, by the first proviso of said § 10, he was not liable to taxation.

*Held*, that H. had no surplus of ratable personal estate, and therefore was not liable to assessment for a personal property tax.

*Held*, further, that the case was not one of over-taxation merely, but one of illegal taxation as well.

PLAINTIFF's petition for a new trial.

*November* 23, 1893.   MATTESON, C. J.   This is an action of *assumpsit* to recover from the town of Cranston money paid by the plaintiff, under protest, to the defendant in his capacity of town treasurer of that town, in payment of a tax on personal property illegally assessed against the plaintiff. The action was brought in the Court of Common Pleas for Providence county.   The defendant pleaded the general issue.   Jury trial having been waived, the case was heard by the court on an agreed statement of facts, and judgment rendered for the defendant for costs.   The plaintiff excepted to the judgment and filed this petition for a new trial.

Pub. Stat. R. I. cap. 42, § 10, is as follows:

"Personal property, for the purposes of taxation, shall be deemed to include all goods, chattels, debts due from solvent persons, money and effects, wherever they may be; all ships or vessels, at home or abroad; all public stocks and securities, except those issued by the government of the United States; all stocks or shares in any bank or banking association; in any turnpike, bridge or other corporation within or without this state; except such as are exempt from taxation by the laws of this state: *Provided*, that no shareholder shall be liable to taxation for shares held in any corporation within this state which in its corporate capacity is taxed within this state for an amount equal to the value of its property, or in any corporation without this state which is or the shares in which are liable to taxation in the state where such corporation is located: and *Provided*, that no person shall be liable to taxation on personal property, except upon the surplus of the ratable personal estate owned by him over and above his actual indebtedness."

The agreed statement of facts shows that the plaintiff at the time of the levy and assessment of the tax was possessed of personal property to the amount of $69,402; that his actual indebtedness was $42,850. The assessors in making the assessment deducted the $42,850 from the $69,402, and assessed the plaintiff for the difference, $29,720. The plaintiff contends, we think correctly, that this action of the assessors was erroneous, for the reason, as also shown by the agreed statement of facts, that of the $69,402 which made up the total of plaintiff's personal estate, $39,682 was property within the first proviso of said § 10, and, therefore, not assessable or ratable estate of the plaintiff. This being so, the assessors had no authority to include it as a part of his ratable personal estate from which his indebtedness was to be deducted in ascertaining the surplus of his ratable estate over and above his actual indebtedness, under the second proviso of said § 10. As the amount of the plaintiff's ratable personal estate was only $29,720, and as his indebtedness was $42,850, he had no surplus of ratable personal estate, and, hence, was not liable to assessment for a personal property tax.

The case was argued on the part of the defendant as if it was one merely of over taxation, and it was contended that the plaintiff was without a remedy because the account carried in by him to the assessors was insufficient, in that it did not state exact sums as the values of the different parcels of his personal estate, but stated these values only approximately as about such and such sums. We have not deemed it necessary to consider the sufficiency of the account, since the case is not merely one of over taxation, but is one of illegal taxation as well.

The exception is sustained and the case remitted to the Common Pleas Division with direction to enter judgment for the plaintiff for the amount of the tax on personal property so illegally assessed and interest to the date of the judgment with costs.

*Edward D. Bassett & Edward L. Mitchell*, for plaintiff.
*George B. Barrows & John Palmer*, for defendant.